W. W. DEGGE, Louise Degge, Guy G. Goyer, Madeleine Goyer, Howard F. Manning and Margaret J. Manning, Appellants,

v.

CITY OF BOULDER, COLORADO, Appellee.

No. 7577.

United States Court of Appeals Tenth Circuit.

Aug. 28, 1964.

James H. Snyder, Denver, Colo., for appellants.

Peter C. Dietze, Boulder, Colo. (Neil C. King, Boulder, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal is from an order denying appellants permission to intervene as plaintiffs.

The complaint charged the appellee, City of Boulder, with destruction of a ditch supplying irrigation water to plaintiff's land and sought monetary damages and a mandatory injunction for the restoration of the ditch. The merits of the plaintiff's case have not been determined. The appealability of the order denying the petitions of intervention cannot be separated from the substantive questions presented. The order is appealable if the applicants can intervene as a matter of right under Rule 24(a), F.R.Civ.P.,[1] or if the trial court abused its discretion in denying a permissive intervention under Rule 24(b).[2]

Rule 24(a) (2) permits intervention of right upon a timely application "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." We pass without comment the question of whether the petitions of intervention

1. Sutphen Estates, Inc., v. United States, 342 U.S. 19, 20, 72 S.Ct. 14, 96 L.Ed. 19.

2. Schockett v. Bromley, 10 Cir., 198 F.2d 257, 260.

were timely and the question of adequacy of representation.[3]

**■■** Applicants argue that the "is or may be bound" language of Rule 24 (a) (2) is only a practical test which is satisfied if an adverse judgment would seriously prejudice those who seek to intervene.[4] This circuit, however, is committed to the view that the test is whether the applicants will be bound under the doctrine of res judicata.[5] The applicants do not come within this principle.

Applicants Degges allege in their motion to intervene that they own, subject to an agreement to sell, the corporate stock of the company which owns the ditch; that they are water users under the ditch; that the ditch system should be kept intact during the period of the agreement; and that the City has injured their property interests. Applicants Mannings and Goyers own property which was served by the ditch before its destruction. They seek damages for the water which they have lost.

No joint ownership is asserted and no privity is claimed. The applicants are not indispensable parties to the litigation. A decision in this case will not bind them.[6]

**■■** Permissive intervention under Rule 24(b) is discretionary with the trial court which, in exercising that discretion "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The record shows that the trial court considered these factors and determined that such delay and prejudice would result. We find no abuse of discretion.[7]

Affirmed.

---

3. The same attorney represents both the plaintiff and the applicants for intervention.

4. See Kozak v. Wells, 8 Cir., 278 F.2d 104, 110–111; International Mortgage & Investment Corporation v. Von Clemm, 2 Cir., 301 F.2d 857, 861.

5. Archer v. United States, 10 Cir., 268 F.2d 687, 690. See also Sam Fox Publishing Co., Inc., v. United States, 366 U.S. 683, 694, 81 S.Ct. 1309, 6 L.Ed. 2d 604; Atlantic Refining Company v. Standard Oil Company, 113 U.S. App.D.C. 20, 304 F.2d 387, 393.

6. See United States v. Oregon, 295 U.S. 1, 12, 55 S.Ct. 879, 79 L.Ed. 1663.

7. See Archer v. United States, 10 Cir., 268 F.2d 687, 690.