417 F.2d 1305
 Samuel Reginald BUMGARNER and Craig Walker Bumgarner, Appellants,
v.
UTE INDIAN TRIBE OF the UINTAH AND OURAY RESERVATION, and Parley Probst, and Oranna B. Moosman, Administratrix of the Estate of Elizabeth C. Bumgarner Poowegup, deceased, Appellees.
 No. 184-68.
 United States Court of Appeals Tenth Circuit.
 November 7, 1969.
 Rehearing Denied January 2, 1970.
 
 Adam M. Duncan, Salt Lake City, Utah (Parker M. Nielson, Salt Lake City, Utah, with him on the brief), for appellants.
 John S. Boyden, Salt Lake City, Utah (Stephen G. Boyden, Salt Lake City, Utah, with him on the brief), for Ute Indian Tribe of the Uintah and Ouray Reservation.
 David Sam, Duchesne, Utah (James J. Smedley, Heber City, Utah, with him on the brief), for Oranna B. Moosman, Administratrix of the Estate of Elizabeth C. Bumgarner Poowegup, deceased.
 Before FAHY, Senior Circuit Judge*, SETH and HOLLOWAY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This action was commenced by the Ute Tribe to have a deed of an Administratrix to the defendant, Parley Probst, declared void, and to have the title to the land covered by the deed vested in the Tribe. The defendant-Administratrix answered and crossclaimed asserting also that the deed was invalid, but that the title should vest in the estate.
 
 
 2
 The appellants, who are sons of the decedent and brothers of the Administratrix, sought to intervene in the action under Rule 24 of the Federal Rules of Civil Procedure. The trial court denied the motion to intervene, and this appeal was taken.
 
 
 3
 Appellants assert they were entitled to intervene as a matter of right, and in the alternative that the trial court abused its discretion under Rule 24(b) as to permissive intervention. One of the grounds asserted by the appellants to support their intervention as a matter of right is collusion between the plaintiff and a defendant. It is thus necessary to describe the circumstances in some detail.
 
 
 4
 Appellants are the younger brothers of Oranna Bumgarner Moosman, who is the Administratrix of the Estate of their mother, Elizabeth C. Bumgarner Poowegup, deceased. In October 1959, Elizabeth C. Bumgarner, a Ute Indian, agreed to purchase, with money provided by defendant, Mr. Parley Probst, a non-Indian, a tract of land which was being distributed under the Ute Termination Act of 1954 (25 U.S.C. §§ 677-677aa). Mrs. Bumgarner died before the transaction was completed, and Mr. Probst submitted a creditor's claim to the Probate Court on March 23, 1964. During the course of the administration of the Estate the Administratrix of the Estate executed and delivered to Mr. Probst an Administratrix' Deed purporting to convey the tract of land which was the subject of the agreement between her mother and Mr. Probst in 1959.
 
 
 5
 Thereafter, some time in 1967, the Administratrix contacted her uncle, Mr. Reginald O. Curry, who was employed as the Administrative Officer of the Ute Tribe, about the validity of the deed she had executed. He in turn inquired of the attorney for the Tribe's full-blood Utes, Mr. John Boyden, whether Mr. Boyden would represent his niece in suing Mr. Probst to cancel the deed. After examining the facts, Mr. Boyden advised Mr. Curry that he did not feel he could represent the Bumgarner Estate because it appeared that the Tribe had a conflicting interest. He recommended that another attorney be found, and when asked to recommend an attorney, he suggested Mr. Parker Nielson, who, along with Mr. Adam Duncan, was later employed.
 
 
 6
 Later Mr. Boyden as Tribal attorney commenced this suit against Mr. Probst and the Administratrix, seeking to have the Administratrix' Deed to Mr. Probst voided and to transfer the land to the Tribe itself. Messrs. Duncan and Nielson who at that time represented the Estate cross-claimed and agreed that the deed to Probst was void, but contended that the Estate and not the Tribe was entitled to the property.
 
 
 7
 About six months later, Mr. Curry, the Ute Tribal official, was made aware that Messrs. Duncan and Nielson had filed a suit demanding that the mineral interests of the mixed-blood Utes be distributed by deed, and that the Affiliated Ute Citizens of the State of Utah be considered the representative of that group. Mr. Curry then became concerned about a possible conflict of interest between the Bumgarner Estate and the Affiliated Ute Citizens created by the filing of this suit. Mr. Curry then asked Mr. Boyden whether the filing of the suit by Messrs. Nielson and Duncan on behalf of the Affiliated Ute Citizens put these attorneys in the same position the Tribal Attorney found himself in when he had been asked to represent the Administratrix. Mr. Boyden answered that he thought it did. A short time later Mr. Curry asked Mr. Boyden if he would recommend another attorney for his niece, the Administratrix. Mr. Curry explained he felt he had a moral obligation towards his niece because she looked to him for advice.
 
 
 8
 Later Mr. Boyden in a telephone conversation with Mr. Curry stated that several papers had been filed with him, and wondered if Messrs. Duncan and Nielson were still representing the Estate. Mr. Curry then got in touch with his niece, the Administratrix, and recommended that she change attorneys. He suggested Mr. David Sam. The Administratrix asked that he get in touch with Mr. Sam, and he then requested Mr. David Sam to represent her and she in turn discharged both Mr. Duncan and Mr. Nielson as attorneys for the Estate. Soon thereafter, appellants, represented by Mr. Duncan and Mr. Nielson, filed a motion to intervene. The trial judge denied the motion, but granted appellants leave to participate as amicus curiae. Appellants notified the court they were unable to so participate, and filed their objection to the court's denial of their motion for leave to intervene.
 
 
 9
 Appellants first contend that they are entitled as a matter of right to intervene pursuant to Rule 24(a) (2) of the Federal Rules of Civil Procedure, as amended in 1966.[1] Further they contend that if they are not entitled to intervene as a matter of right, at least the trial court abused his discretion in not permitting them to intervene pursuant to Rule 24(b) (2).
 
 
 10
 We hold that the appellants have not shown they were entitled to intervene as a matter of right, nor did the trial court abuse its discretion as to permissive intervention.
 
 
 11
 As to intervention as a matter of right, Rule 24(a) provides that appellants here are not entitled to so intervene if their interest is adequately represented by existing parties. The issue has been considered by the courts on several occasions since the provisions of the Rule were restated in 1966. See Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694 (1967); Edmondson v. State of Nebraska, 383 F.2d 123 (8th Cir. 1967); Kheel v. American Steamship Owners Mutual Protection & Indemnity Ass'n, 45 F.R.D. 281 (S.D.N.Y.1968); Hobson v. Hansen, 44 F.R.D. 18 (D.C.1968). See also Moore, Federal Practice ¶ 24.08[2].
 
 
 12
 Collusion between the party purporting to represent the position of others and those on the other side of the suit will necessarily destroy the adequacy of representation as contemplated by the Rule. Klein v. Nu-Way Shoe Co., 136 F.2d 986 (2d Cir.); Twentieth Century-Fox Film Corp. v. Jenkins, D.C., 7 F.R.D. 197; Farmland Irrigation Co. v. Dopplmaier, 220 F.2d 247 (9th Cir.). As stated in Stadin v. Union Electric Co., 309 F.2d 912 (8th Cir. 1962):
 
 
 13
 "* * * Two leading commentators on federal practice have said that inadequacy of representation is or may be shown by proof of collusion between the representative and an opposing party, by the representative having or representing an interest adverse to the intervener, or by the failure of the representative in the fulfillment of his duty. 4 Moore's Federal Practice § 24.08, pp. 38-39; 2 Barron & Holtzoff, Federal Practice and Procedure (Wright Revision), § 597, pp. 381-82. * * *"
 
 
 14
 It is apparent from an examination of the record that the interests of the appellants in the litigation are identical to those of their sister, the Administratrix, and of the Estate. They are all children of the decedent and take equally from the Estate. Appellants do not question the competency of the substituted attorney for the Estate nor do they challenge what they term the "* * * undeniable right of a litigant to discharge his counsel at any time and with or without cause, * * *." Appellants apparently would have handled the defense of the case differently than did the Administratrix. This however is not sufficient to challenge the adequacy of representation. Stadin v. Union Electric Co., supra. Appellants urge however that Mr. Boyden, the Tribal attorney, influenced Mr. Curry, the uncle of the Administratrix, to recommend that new attorneys be employed to represent the Estate, and that Messrs. Duncan and Nielson be replaced. The record shows that Mr. Curry did become concerned about the continued representation of the Estate by appellants' attorneys. Also it is clear that the attorney for the Tribe thought there was a conflict resulting from other suits filed by these attorneys. The Tribal attorney was asked to recommend a replacement and he did so but this attorney was not hired by the Estate. Mr. Curry did then recommend an attorney to the Administratrix and did contact him for her. This person was ultimately employed to represent the Estate. This is the extent of the showing on the matter of collusion. It relates only to the manner in which the attorney for the Estate was engaged and the former attorneys relieved. This is clearly not a sufficient showing to render the representation inadequate under Rule 24. As mentioned above there is no question raised as to the competency of the attorney for the Estate.
 
 
 15
 As to appellants' alternative contention that the trial court abused its discretion in denying them leave to intervene, it should be observed that permissive intervention under Rule 24(b) is clearly discretionary with the trial court. The ruling of the trial court will not be reversed unless there is a showing of clear abuse of that discretion. See Degge v. City of Boulder, Colorado, 336 F.2d 220 (10th Cir. 1964); Goodpaster v. Oklahoma Gas & Electric Co., 291 F.2d 276 (10th Cir. 1961); Edmondson v. State of Nebraska, supra; Stadin v. Union Electric Co., supra.
 
 
 16
 We find no abuse of discretion. The Administratrix was in the same position personally as were her brothers who sought to intervene. She also had the duty imposed by her position as Administratrix. The pleadings and position she took therein were those recommended by the attorneys who thereafter became attorneys for the appellants. Under these circumstances, nothing could be hoped to be gained by the addition of more parties and their counsel to represent that same interest. There was clearly no abuse of discretion by the trial court in denying appellants leave to intervene.
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation
 
 
 [1]
 "(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 
 
 
 18
 FAHY, Senior Circuit Judge (concurring specially):
 
 
 19
 Appellants Samuel Reginald Bumgarner and Craig Walker Bumgarner* are heirs of the deceased, Elizabeth C. Bumgarner, and brothers of the Administratrix of the Estate. The litigation in which appellants claim they should have been permitted to intervene resulted in a recovery by the Estate of the land which their sister, in her representative capacity as Administratrix, had erroneously conveyed to Probst. It appears that Probst was required to reconvey the property to the Estate but was awarded a money judgment on his counterclaim against the Estate. This judgment exceeded $35,000, which appellants represent in their brief "may well be all, or more than, the property is worth." Appellants urge in this court that they were in a better position to defend against the claim of Probst than the Administratrix, their sister, who participated in the transfer of the property to Probst, and that their over-all interests were different from the interest of their sister. Their motion in the District Court, however, though referring to the Administratrix's conduct which appellants considered contrary to their interests and the interest of the Estate, revolved largely around the circumstances leading to their discharge as attorneys for the Estate and the selection of substitute attorneys. The relation of all these matters to the proper disposition of this appeal I think would be clearer to the division of the court which considers the main appeal on its merits, now pending, particularly with respect to the possible availability to appellants of defenses not available to the Administratrix. I therefore think this appeal should be consolidated and decided with that appeal. This course not being adopted, I concur on the basis of the record before us that the appellants have not brought themselves within Rule 24(a) of the Federal Rules of Civil Procedure governing intervention as of right, or that the trial court abused its discretion in refusing to permit intervention under Rule 24(b).
 
 
 
 Notes:
 
 
 *
 In appellees' brief it is said that one of the brothers, Craig Walker Bumgarner, has ceased to be represented by counsel who have pressed the appeal in the name of both brothers. Even if only one remains as seeking intervention the relevant factors remain unchanged