**FMC CORPORATION, Plaintiff-Appellee,**

v.

**KEIZER EQUIPMENT COMPANY, Defendant-Appellee,**

**Universal American Corporation, Intervening Defendant-Appellee,**

**The F. E. Meyers & Bros. Co., Applicant for Intervention-Appellant.**

**No. 20696.**

United States Court of Appeals, Sixth Circuit.

Nov. 4, 1970.

Mack D. Cook, II, Phillip L. Kenner, Hamilton, Cook, Renner & Kenner, Akron, Ohio, John A. Scott, Stapleton, Adams, Burgie, Kidson & Crocker, Vicksburg, Mich., on brief for appellant.

Thomas O. Herbert, Harold C. Hohbach, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., Harold S. Sawyer, Peter P. Price, Randall G. Litton, Price, Heneveld, Huizenga & Cooper, Grand Rapids, Mich., for appellee of record.

Before WEICK, PECK and MILLER, Circuit Judges.

## PER CURIAM.

This is an appeal from an order of the District Court for the Western District of Michigan denying appellant's motion to intervene in the principal case under Rule 24(b) (2), F.R.Civ.P. The case below involved protracted litigation between FMC Corporation, Keizer Equipment Company and Universal American Corporation with respect to alleged patent infringement. Appellant had been a defendant in similar litigation reaching this Court and involving, apparently, some of the same issues sought to be injected by the motion to intervene below. These particular issues concerned alleged fraud in obtaining the patents in question. FMC Corp. v. F. E. Meyers & Bros. Co., 384 F.2d 4 (6th Cir. 1967).

In the instant case, on April 29, 1970, the District Court entered an order denying intervention on the ground that the motion was untimely. The action below was commenced in 1962, and in his order the trial judge recited that appellant's counsel was continuously aware of the progress of the trial. The motion to intervene came near the end of an eighteen day trial which culminated in a settlement among the parties ultimately approved by the District Court. The trial judge held that the motion to intervene was untimely "since the principal action was concluded before the motion to intervene could be heard and the dispute between the parties was thereafter settled." FMC Corp. v. Keizer Equipment Co., Civil Action No. 4451 (W.D.Mich. April 29, 1970).

A notice of appeal was filed in the District Court on May 18, 1970. On August 11, 1970, the appeal was docketed. On

**656**

August 14, 1970, appellant filed notice pursuant to Rule 30(b), F.R.App.P., respecting the inclusions in the Appendix from the trial record. Appellee FMC moved in this Court for an extension of time to respond to the Rule 30(b) notice, and then on August 31, 1970, moved the Court to affirm the trial court's denial of intervention.

■ Appellant has first raised two procedural points in opposition to the Motion to Affirm which may be disposed of without extensive comment. The appellant contends that the motion to affirm made under 6th Cir. R. 8 is somehow inconsistent with the previous motion for an extension of time under Rule 26(b), F.R.App.P. in view of the last sentence of R. 8 requiring that the time for filing briefs under Rule 31, F.R.App.P., shall not be tolled or extended by the filing of a Motion to Dismiss or Affirm. There is no apparent inconsistency between the two motions of appellee. There is here no attempt by appellee to gain more time for the filing of its brief by filing a Motion to Affirm. Rather, the extension of time sought under Rule 26(b) was to enable appellee to compile its additions to the Appendix in response to appellant's notice of August 14, 1970.

■ Secondly, appellant contends that appellee's Motion to Affirm is untimely since it was not filed within fifteen days after the appeal was docketed. The Court finds that in view of the voluminous record below, all of which had not reached appellee by August 28, 1970, the fifteen day limitation should be waived pursuant to 6th Cir. R. 8.

The precise ground for the motion is stated in 6th Cir. R. 8(b):

The Court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

Here the precise issue before the Court is whether the trial judge abused his discretion in denying appellant's motion to intervene.

Rule 24(b)(2), F.R.Civ.P. states:

(b) *Permissive Intervention.*

Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

A motion for permissive intervention under Rule 24(b)(2) addresses itself to the sound discretion of the trial court. Hatton v. County Board of Education, 422 F.2d 457 (6th Cir. 1970). The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge. Bumgarner v. Ute Indian Tribe, 417 F.2d 1305, 1309 (10th Cir. 1969); Edmondson v. State, 383 F.2d 123 (8th Cir. 1967). Rule 24 (b) requires a "timely application" for intervention, and the question of timeliness is likewise addressed to the sound discretion of the trial judge, there being no standard of timeliness set forth in the Rule itself. Lumbermen's Mutual Casualty Co. v. Rhodes, 403 F.2d 2 (8th Cir. 1968), cert. denied, 394 U.S. 965, 89 S. Ct. 1319, 22 L.Ed.2d 567 (1969); Fox v. Glickman Corp., 355 F.2d 161 (2d Cir. 1965), cert. denied sub nom. Levy v. Glickman Corp., 384 U.S. 960, 86 S.Ct. 1585, 16 L.Ed.2d 672 (1966); Kaplan v. Guardian Life Insurance Co., 231 F. Supp. 874 (W.D.Mo.1964).

We are of the view that the trial judge did not abuse his discretion in denying the appellant's motion to intervene. As the trial judge noted, and as the record discloses, appellant's counsel had been continuously aware of the lengthy progress of the litigation. They attended virtually all depositions taken since 1966. As stated, the trial lasted some eighteen days, and yet appellant did not seek to intervene until the trial was substantially completed. In Fox v. Glickman Corp., *supra*, a denial of permissive intervention sought after all pre-trial proceedings had been concluded and nearly two years after the commencement of the ac-

tion was held not to be an abuse of discretion. Similarly, in Kaplan v. Guardian Life Insurance Co., *supra*, the District Court denied as untimely a motion to intervene made during trial some three and one-half years after the action was commenced.

Appellant cites Root Refining Co. v. Universal Oil Products Co., 169 F.2d 514 (3d Cir. 1948), as a holding in favor of allowing the present intervention. We do not find this case to be controlling. Although the Court of Appeals in *Root* admittedly allowed an intervention to raise the question of fraud in a patent case, the precise question before the court in that case was whether a judgment of the court in a prior state of the litigation was obtained by fraud. Thus, the Court found that the question involved "a phase of original jurisdiction, distinguished from appellate jurisdiction, derived from the inherent power of a federal court to investigate whether its judgment has been obtained by fraud; * * *," 169 F.2d at 525, citing Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946). Clearly, this action does not involve the problem of *Root Refining Company*.

The appellee's motion to affirm is hereby granted.