Irmgard S. GERSTLE et al., Plaintiffs,

Elizabeth M. Sansing and Marilee G. Krinitt, Plaintiffs-Appellants,

v.

CONTINENTAL AIRLINES, INC., a Nevada corporation, and Air Line Pilots Association, International, Defendants-Appellees.

Nos. 72–1292, 72–1293.

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1972.

See also D.C., 50 F.R.D. 213.

Hugh J. McClearn, Denver, Colo. (Van Cise, Freeman, Tooley & McClearn, Denver, Colo., on the brief), for plaintiffs-appellants.

Bruce W. Sattler, Denver, Colo. (Gordon G. Greiner and Holland & Hart, Denver, Colo., of counsel, on the brief), for defendant-appellee Continental Airlines, Inc.

Cynthia E. Gitt, John de J. Pemberton, Jr., Acting Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, and Charles L. Reischel, Atty., Washington, D. C., for U. S. Equal Employment Opportunity Comm., as amicus curiae.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

The narrow issue here to be resolved is whether the trial court abused its discretion in refusing to allow two would-be intervenors to join as parties plaintiff in a pending Civil Rights action. We conclude that in so doing the trial court did not abuse its discretion and that its order must therefore be affirmed. To end this opinion at this point is tempting, but to do so would tell little to the parties and nothing to the casual reader. Accordingly, we see no escape from relating considerable detail if our conclusion is to have meaning.

On August 18, 1969, Irmgard S. Gerstle, a former stewardess for Continental Airlines, Inc., commenced an action against Continental based on an alleged violation of Title VII of the 1964 Civil Rights Act. The gist of her complaint was that she had been discriminated against as the result of the application of Continental's "no-marriage" rule for its flight hostesses to the end that in 1965 her employment with that company was unlawfully terminated. In this connection, Gerstle further alleged that in 1966 she demanded reinstatement to her former position and that when her request was denied she filed, on May 31, 1966, a charge of sex discrimination with the Equal Employment Opportunity Commission. In this latter connection, it was alleged that on April 30, 1969, the EEOC issued its decision that there was probable cause to believe that Continental's no-marriage policy, which incidentally was abandoned by Continental in 1966, was unlawful and that on July 21, 1969, the EEOC issued its notice of right to sue.

It was in this setting that Gerstle on August 18, 1969, initiated her action against Continental, her claim initially being an individual claim and not a claim for a class. However, on September 3, 1969, Gerstle filed an amended complaint which was denominated as being a class action seeking back pay, reinstatement, an injunction and other relief. Thereafter, the trial court in due time issued a conditional ruling pur-

suant to Fed.R.Civ.P. 23(c)(1) that the case would be maintained as a class action on behalf of all flight hostesses "whose employment with the defendant was terminated because of marriage between the effective date of Title VII (July 2, 1965) and the present" and those "who terminated because of marriage before July 2, 1965, but who were available for reinstatement after that date * * * and who made their availability known to the defendant after July 2, 1965." In thus ruling, the trial court specifically stated that its ruling was conditional, since Gerstle had not met the numerosity requirement of Fed.R.Civ.P. 23(a)(1). In this regard, the trial court noted that "it is possible that when the members of the class are finally indentified their number may be small enough to permit joinder [and] [i]n this event, the Court can strike the class allegation." Gerstle v. Continental Airlines, Inc., D.C., 50 F.R.D. 213.

Thereafter, certain lists setting forth the names of former stewardesses and their last known addresses were furnished by Continental and on May 27, 1961, a notice approved as to form and content by the parties was sent to those persons whose names appeared on such lists. Approximately 382 notices were mailed, about half of which were returned undelivered. The notice advised the recipient that she would be bound by the judgment entered in the Gerstle proceeding unless she excluded herself. The notice also required that each member of the class, in order to obtain reinstatement and back pay, indicate on or before July 1, 1971, an intention "to present evidence of entitlement to relief at the trial of Mrs. Gerstle's case." Finally, the notice advised all class members who planned to participate to appear at a pre-trial conference set for August 6, 1971.

Thereafter, at the pre-trial conference, fourteen persons appeared through counsel and sought to be included in the class for whose benefit the action was then being prosecuted. At this hearing, the trial court, *sua sponte* but without objection, ordered that the action would no longer proceed as a class action and that the fourteen who had thus indicated a desire to assert a claim against Continental would be permitted to join as parties plaintiff, with the further order that the fourteen thus joined "would not be subject to defenses not available in a class action." This latter condition was deemed significant in view of the fact that none of the fourteen thus joined had ever filed a charge of discrimination with the EEOC.

On October 15, 1971, Elizabeth Sansing filed a "Motion to Join Action as Plaintiff," alleging that she did not have notice of Gerstle's pending proceeding against Continental until September 1971. On January 6, 1972, Marilee G. Krinitt filed a similar "Motion to Join Action as Plaintiff," alleging that she did not have such notice until December 1971. These two motions each asked for an order joining the movant as a party plaintiff in the Gerstle action against Continental and "permitting her to adopt all the pleadings previously submitted by plaintiffs in this action." Neither motion mentioned a specific rule under which the joinder was being sought; nor did either assert a right to join as party plaintiff on the class action aspects of the case.

The motions to join came on for hearing on February 25, 1972, some six weeks before the date theretofore set for trial. At this hearing, counsel attempted to interject into the hearing the correctness of the trial court's earlier order "declassifying" the action, arguing that notwithstanding this order of the court the action was still a class action and that accordingly Sansing and Krinitt should be allowed to join as parties plaintiff. The trial court, however, treated the motions as having been brought under the provision of Fed.R. Civ.P. 24(b)(2) relating to permissive intervention. The trial judge, after first noting that if Sansing and Krinitt were permitted to intervene, it would "mean we're never going to get the case tried" as there would no doubt be "new

intervenors on the morning of trial," denied the motions with the following cryptic comment:

"* * * Gentlemen, as far as I'm concerned, the only thing before me today is exercise of discretion to grant permissive intervention; and in the exercise of my discretion, I deny the right to intervene in the hope that we can someday get this case tried. Now, if you wish to file a motion to again have the matter proceed as a class action, that matter will be set for hearing."

It is on this state of the record that Sansing and Krinitt now appeal the order of the trial court denying their respective "Motions to Join as a Party Plaintiff." We affirm.

Counsel contends here, as he did in the trial court, that Sansing and Krinitt are entitled to join as plaintiffs in the Gerstle case, "not by right or sufferance" under Fed.R.Civ.P. 24(a) or (b), but "by virtue of the fact that this is a class action." This is so, says counsel, notwithstanding the fact that the trial court declassified the Gerstle proceeding. In this connection, counsel states that he is not "appealing," as such, the declassification order. Rather, he argues that the declassification order is simply "ineffective" as to Sansing and Krinitt. This is not our view of the present posture of the case.

On August 6, 1971, the trial court, *sua sponte*, but without objection, entered an order that the Gerstle case would not go forward as a class action. Such action is permitted by Fed.R.Civ.P. 23(c)(1), which provides that when an action is brought as a class action, the court shall determine by order whether it is to be so maintained and that its order may be conditional and may be altered or amended before a decision on the merits.

■ That the trial court's action declassifying the Gerstle proceeding is not a final and appealable order is demonstrated not only by the statement of the judge, mentioned above, to the effect that if counsel desired to file a motion

"to again have the matter proceed as a class action," the motion would be set for hearing, but is also evidenced by the following colloquy between court and counsel:

"MR. McCLEARN: I think that if this Court can declassify the case, it can reclassify it.

"THE COURT: Yes, and you have a right to ask it to, but you haven't done that yet.

"MR. McCLEARN: Well, I'm sorry. I thought I earlier in my argument indicated that.

"THE COURT: I mean there is no formal request on file. I realize you want it, but that isn't before us today and the defendant hasn't been notified and would have no reason to be prepared to argue that.

"MR. McCLEARN: Well, I will be glad to raise that formally if the Court would like me to do that.

"THE COURT: I think it should be formal because I think we should have the full and complete record."

■ On this state of the record, we can only conclude that the trial court's order declassifying the Gerstle proceeding is interlocutory in nature and not final and appealable. Accordingly, we reject the argument that Sansing and Krinitt should have been permitted to join as parties plaintiff on the ground that the Gerstle case is still a class action. At the moment, at least, the Gerstle case is *not* a class action, but such is subject to change by further order of the trial court, if it be so disposed, after full hearing.

■ Like the trial court, we view the motions to join as parties plaintiff to have been brought under Fed.R.Civ.P. 24(b). Under that rule, a trial court in exercising its discretion is directed to consider whether the intervention "will unduly delay or prejudice the adjudication of the rights of the original parties. In denying the motions to intervene, the

judge observed that he was so doing in the hope that he could some day get the case to trial. In this regard, we note that the events out of which this controversy arises occurred in 1965 and 1966, with the Gerstle complaint being filed in 1969 and the motions in question being heard and denied in 1972, about six weeks prior to the date previously set for trial. Under such circumstances, there was indeed basis for the trial court's expressed fear that if the gates were held open for permissive intervention, there might well be those seeking to intervene on the very morning of trial. Suffice it to say, we find no abuse of discretion on the part of the trial court in denying these motions. *See* Bumgarner v. Ute Indian Tribe of Uintah and Ouray Reservation, 417 F. 2d 1305 (10th Cir. 1969), and Degge v. City of Boulder, Colorado, 336 F.2d 220 (10th Cir. 1964).

We are aware that the basis on which we have resolved the instant proceeding is not one urged by Continental. But it is the ground on which the trial court acted. And the mere fact that Continental in its brief submitted to the trial court tacitly conceded that Sansing and Krinitt had asserted their claims in sufficient time so as to not unduly delay the trial of the matter, is not binding on the trial court. The trial court obviously did not share this optimistic view of counsel and, as indicated, denied the motions on the ground that to grant such would cause undue delay in getting the main case tried.

We also realize that in thus disposing of the present controversy, we have left unresolved the many other matters sought to be injected into the case, not only by the parties themselves, but by the Amicus Curiae. Resolution of those matters is not necessary to a determination of the present appeal, which actually poses a simple issue, i. e., did the trial court abuse its discretion in denying the motions of Sansing and Krinitt to join Gerstle as parties plaintiff.

Affirmed.