Tessie WOLFSON, Plaintiff,

v.

Richard A. RILEY, et al., Defendants.

Bernard V. POGOSTIN, Plaintiff,

v.

Richard A. RILEY, et al., Defendants.

Civ. A. Nos. C79–642, C80–1054A.

United States District Court,
N. D. Ohio, E. D.

Jan. 29, 1981.

Richard D. Greenfield, Robert P. Frutkin, Greenfield & Chimicles, P.C., Bala Cynwyd, Pa., Kenneth G. Weinberg and Alan L. Melamed, Guren, Merritt, Sogg & Cohen, Cleveland, Ohio, for plaintiff.

Marvin L. Karp, Wulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, Kirkland & Ellis, George D. Newton, Jr., Chicago, Ill., for Firestone.

Richard Guster, Roetzel & Andress, Akron, Ohio, for Carter.

James T. Crowley, Thompson, Hine & Flory, Cleveland, Ohio, for Coopers & Lybrand.

David J. Armstrong, Charles W. Kenrick, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Riley.

## MEMORANDUM OPINION AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court in the above actions are plaintiffs' Motions for Class Certification, pursuant to Rule 23, Federal Rules of Civil Procedure. *Wolfson v. Riley (Wolfson)* was originally filed in the United States District Court for the Eastern District of Pennsylvania. *Pogostin v. Riley (Pogostin)* commenced in the United States District Court for the Southern District of New York. Pursuant to 28 U.S.C. § 1404(a), both actions were subsequently transferred to the Northern District of Ohio. Oral argument was heard on October 10, 1980 regarding the motions for class certification. For reasons set forth below the plaintiffs' motions for class certification in *Wolfson* and *Pogostin* are granted.

### FACTS

In *Wolfson*, plaintiff alleges that the defendants are in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 as adopted by the Securities and Exchange Commission. Specifically, plaintiff alleges that the defendants failed to disclose that Firestone possessed substantial excess capacity to manufacture bias-ply tires and that, in light of reduced demand therefore, various tires and other production facilities related to such bias tire production would require closing at a cost to Firestone of approximately $110 million; that the defendants failed to disclose that Firestone materially understated the extent of its unfunded employee pension plan obligations and that those obligations that were disclosed were inadequately disclosed and not properly reflected in Firestone's financial statements; that the defendants failed to disclose the extent to which Firestone was incurring problems of overwhelming proportions related to the manufacture and sale of Firestone Radial 500 tires and that such problems had materially impacted upon Firestone's continuing and future operations, earnings and net worth; and that the defendants overstated Firestone's earnings, assets and net worth by failing to make adequate provision in Firestone's financial statements for the probable economic impact of the continuing and future costs of the Radial 500 tires. *Wolfson* Complaint at Paragraph 24.

In *Pogostin*, plaintiff also brought his action pursuant to § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 of the Securities Exchange Commission. Plaintiff alleges that the defendants failed to disclose the extent to which Firestone's problems with the Radial 500s had materially impacted upon Firestone's continuing and future operations, earnings, and net worth; that the defendants overstated Firestone's earnings, assets and net worth for the fiscal years 1975–1977 by failing to make adequate provision in Firestone's financial statements for the necessary economic impact of the continuing and future costs of the Radial 500 problems; and that the defendants overstated Firestone's earnings, assets and net worth by reporting income in 1972 and 1973 which had been earned in previous years. Plaintiff asserts that each of these omissions of material fact had the effect of inflating the value of Firestone's common stock. *Pogostin* Complaint at Paragraphs 27, 28.

### LAW

The prerequisites to a class action suit are numerosity, commonality, typicality, and adequacy of representation. Rule 23(a), Federal Rules of Civil Procedure. The primary issue in *Wolfson* is whether or not there is adequate representation. Tessie Wolfson is seventy-seven years old. In purchasing her Firestone stock, she relied heavily on the advice of her son-in-law, Alfred Gollomp. The defendants question her ability to finance this litigation if she is certified as the class representative. Defendants further challenge Mrs. Wolfson's competency to serve as a representative of this class because of her apparent lack of knowledge of the allegations contained in her complaint.

■ Whether an individual is an adequate representative of a class is dependent on two factors: first, the plaintiff's attor-

ney must be qualified, experienced and generally able to conduct the litigation; and second, the plaintiff may not have interests which are antagonistic to the class. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3d Cir. 1975); *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555 (2d Cir. 1968). This two-part test has been consistently applied in this circuit as well. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976); *Sweet v. General Tire and Rubber Co.*, 74 F.R.D. 333 (N.D.Ohio 1976).

It appears to this Court that the first part of this test is met in *Wolfson*. Counsel for the plaintiff has engaged in previous class action suits. He has satisfied this Court that he is competent, qualified, and experienced and that he will prosecute this lawsuit zealously on behalf of Mrs. Wolfson.

A question is raised as to whether Mrs. Wolfson possesses interests antagonistic to the class, and in conjunction with that issue, whether she is an adequate representative. Initially, the defendants argue that Mrs. Wolfson does not meet the typicality requirement of Rule 23(a)(3) because she relied on her son-in-law in the purchase of her Firestone stock as opposed to directly relying on Firestone. Reliance on another in the purchase of stock does not automatically preclude the certification of a class. See *Broad v. Rockwell International Corp.*, 22 FR Serv 2d 1151, 1153 (N.D.Tex.1976); *Gerstle v. Continental Airlines, Inc.*, 50 F.R.D. 213, 219 (D.Col.1970), class decertified for other reasons, 466 F.2d 1374 (10th Cir. 1972).

█ A plaintiff who is to represent a class need not be the best of all possible plaintiffs. *Apanewicz v. General Motors Corp.*, 80 F.R.D. 672, 677 (E.D.Pa.1978), citing 7 Wright and Miller, *Federal Practice and Procedure* § 1765. Mrs. Wolfson indeed may not be the best of all possible plaintiffs but her reliance on her son-in-law in purchasing the Firestone stock in and of itself does not preclude her from being a class representative. In fact, her situation is strikingly similar to that of Mrs. Surowitz.

In *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807, rehearing denied, 384 U.S. 915, 86 S.Ct. 1333, 16 L.Ed.2d 367 (1966), Mrs. Surowitz instituted a shareholder's derivative action against Hilton Hotels corporation for violations of the federal securities laws. Mrs. Surowitz was a Polish immigrant with no formal education, and relied on her son-in-law in purchasing her stock in Hilton Hotels. The Court held that her good faith reliance on her son-in-law should not preclude her from bringing a shareholder's derivative suit. As noted by the Court:

> We cannot construe Rule 23 or any other one of the Federal Rules as compelling courts to summarily dismiss, without any answer or argument at all, cases like this where grave charges of fraud are shown by the record to be based on reasonable beliefs growing out of careful investigation. . . . If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits. Rule 23(b), like other civil rules, was written to further, not defeat the ends of justice. . . . 383 U.S. at 373, 86 S.Ct. at 851.

█ Counsel for defendants argued at the oral hearing that *Surowitz* pertained only to shareholder derivative suits and not class actions. Counsel further argued that *Surowitz* was decided under old Rule 23(b) and not the current Rule 23(b). Nevertheless, *Surowitz* has been cited for the proposition that class representatives need not be knowledgeable, intelligent, or possessing a firm understanding of the legal or factual basis on which a class action can be maintained. *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation*, 78 F.R.D. 622, 627 (W.D.Washington 1978). Also see *Fischer v. International Telephone and Telegraph Corp.*, 72 F.R.D. 170 (E.D.N.Y.1976) where the court certified a class where the plaintiff was a seventy year old man with physical disabilities, whose son would serve as the attorney. The court cited *Surowitz* and held that the class would be adequately represented.

The Court recognizes that not every plaintiff who wishes to represent a class possesses the requisite expertise in the area of securities law. It is precisely for that reason that counsel need to be competent, qualified, and experienced. The Court expects a plaintiff such as Mrs. Wolfson to rely heavily on her counsel to prosecute this litigation. The Court does not believe that Mrs. Wolfson's counsel is prosecuting this case on his own behalf with "unfettered discretion." See *In re Goldchip Funding Co.*, 61 F.R.D. 592, 595 (M.D.Pa.1974).

At the same time the Court recognizes defendant's concern in certifying Mrs. Wolfson as the class representative. Therefore, although certification is granted in *Wolfson*, the Court will closely scrutinize the course of this litigation. If it appears at any time that Mrs. Wolfson is not an adequate representative or that a subclass of those people who relied on someone other than the defendant Firestone in purchasing Firestone stock is warranted, the Court will exercise its powers under Rule 23 and make any additional orders which may be necessary.

With respect to Mr. Pogostin, the Court is satisfied that he is able to act as the class representative in his action against Firestone. His deposition and subsequent affidavit have demonstrated to the Court that he is knowledgeable, willing, and able to pursue this litigation and that he possesses the financial wherewithal to prosecute the case. The Court is also satisfied that his counsel is competent and qualified. Therefore, the motion for class certification in *Pogostin* is granted.

Since the allegations in both actions are very similar and the class period alleged in both actions is approximately from December 1, 1975 to July 24, 1978, plaintiffs are directed to file a motion for consolidation. Plaintiffs are further directed to file an amended complaint so as to define with particularity their allegations against the defendants and the class period. Plaintiffs are also directed to supply to the Court a proposed means of effecting notice to the class members. The motion for consolidation, amended complaint, and proposed notices shall be filed not later than February 27, 1981.

IT IS SO ORDERED.