**Mary BLANK, Plaintiff,**

v.

**RONSON CORP., et al., Defendants.**

**No. 82 Civ. 7443 (WK).**

United States District Court, S.D. New York.

May 19, 1983.

Kass, Goodkind, Wechsler & Labaton by Robert Harwood, New York City, for plaintiff.

McCarter & English by John L. McGoldrick, Keith Lynott, New York City, for defendants.

## MEMORANDUM and ORDER

WHITMAN KNAPP, District Judge.

Plaintiff has brought this proposed class action for securities fraud charging Ronson Corporation and several individual defendants with a "common scheme" artificially to inflate the market price of Ronson stock by failing to disclose (or misstating) adverse material information. Interrogatories were served by defendants in connection with a pending motion for class certification. Not satisfied with plaintiff's answers, defendants noticed the deposition of the named plaintiff to elicit further information, ostensibly required to oppose the motion for class certification. The case is now before us on plaintiff's motion for a protective order to quash the notice of deposition.

There has been much criticism of late regarding the abuses of discovery. *See, e.g.,* Sherman & Kinnard, *Federal Court Discovery in 80's—Making the Rules Work,* 94 F.R.D. 245 (1983); *Second Report of the Special Committee for the Study of Discovery Abuse,* 92 F.R.D. 137 (1982). The motion before us aptly illustrates the cause of such criticism.

Defendants' lawyers have served a set of 94 interrogatories concerning the motion for class certification. Plaintiff's counsel, in response, vouchsafes 74 pages of purported answers. Although we have before us two highly competent law firms, there is, in this vast expanse of paper, no indication that any lawyer (or even moderately competent paralegal) ever looked at the interrogatories or at the answers. It is, on the contrary, obvious that they have all been produced by some word-processing machine's memory of prior litigation. For an example we need go no further than defendant's interrogatory # 1. It asks for the basis of plaintiff's claim that the class members are sufficiently numerous to justify a class action, and for an estimate of the class size. This information, aside from being obvious, has (a) already been made public by Ronson Corporation itself, and is (b) specifically set forth in the plaintiff's previously filed motion for class certification as follows:

Ronson's public reports indicate that ... there were 4,412,575 shares of common stock outstanding and more than 7,622 stockholders who are members of the class.

Plaintiff, with appropriate display of outrage, objects to this interrogatory on the ground, among others, that it seeks "privileged information."[1] By not citing other examples we by no means wish to suggest that the foregoing is the most absurd one.

Accordingly, the Court, on its own motion, strikes both the interrogatories and the purported answers. To the extent that they may already have been filed, we direct the Clerk to return them to the respective parties. The parties are, furthermore, ordered never to refer to them again in this litigation.

The following schedule, announced at oral argument on the motion for a protective order on May 13, 1983, is hereby confirmed:

1. Defendants, on or before May 20, 1983, may propound new interrogatories tailored specifically to the motion for class certification.

2. Thereafter, on or before May 27, 1983, plaintiff shall respond in simple, short, declarative sentences. Plaintiff may then

---

1. The complete "response" to interrogatory # 1 reads:

Plaintiff objects to this Interrogatory on the ground that it is incomprehensible. Plaintiff also objects to this Interrogatory on the grounds that, to the extent it is comprehensible, it is vexatious, calls for information outside plaintiff's knowledge, calls for legal conclusions, is not reasonably calculated to lead to the discovery of admissible evidence, calls for privileged information and/or information protected by the attorney work product doctrine, is premature, and calls for speculation.

also supplement the already-filed motion for class certification.

3. Thereafter, on or before June 10, 1983, defendants shall answer the motion for class certification on the basis of the information at hand. Should defendants be of the view that the Court lacks specific information necessary to decide the motion, they may also submit a document captioned "REQUEST FOR ADDITIONAL FACTS" setting forth in numbered paragraphs specific items of additional information they believe should be before the Court, with a citation to authority supporting the need for such additional information.

4. Should defendants submit a Request, plaintiff shall provide, on or before June 17, 1983, the additional information and/or submit a document captioned "PLAINTIFF'S OBJECTIONS TO DEFENDANTS' REQUEST FOR ADDITIONAL FACTS" detailing, as to each numbered item, where in plaintiff's answers to interrogatories we may find the supposedly omitted fact, or stating why any specific requested information is not needed.

5. On June 24, 1983 at 2:00 P.M. the parties will come to court prepared to argue the motion for class certification. However, based on the parties' submissions, the Court may then adjourn oral argument pending further discovery by such method as the Court may direct.

At oral argument defendants will be prepared to explain, if required to do so, the reason for each interrogatory posed—*i.e.,* precisely what information was expected and why it was necessary. Should the defendants be unable to justify any interrogatory it will again be struck and appropriate sanctions will be imposed. By the same token, the plaintiff will be prepared to justify every answer, objection, or late submission. If any such justification is found to be wanting, similar sanctions will be imposed.

SO ORDERED.