21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Judith A. CARTER and Jim W. Carter, Plaintiffs-Appellees,
v.
DEAN WITTER REYNOLDS, INC.; Dean Witter Financial Services
Group, Inc.; Zond Systems, Inc.; Zond Windsystems
Management Corporation V; Zond Construction Corporation
III; Zond Construction Corporation IV; and The Zond Group,
Defendants-Appellees, and
CALIFORNIA UNION INSURANCE CO., Movant-Appellant.
 No. 93-6061.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and ROGERS, Senior District Judge.[2]
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 The parties are well acquainted with the facts of this case, and it is not necessary to repeat them here. After considering all the issues raised, we conclude it is unnecessary to delay disposition of this case because its outcome is certain under any circumstances. Accordingly, the motion to stay the appeal is denied, and the judgment of the district court affirmed.
 
 
 4
 The essential reason for affirmance lies in the fact appellant was without standing in the district court to request disclosure of the depositions unless its motion for permissive intervention was granted. A denial of permissive intervention is reviewed for abuse of discretion. Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88, 89 (10th Cir.1993); Kiamichi R. Co. v. National Mediation Bd., 986 F.2d 1341, 1345 (10th Cir.1993). We define "abuse of discretion" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." United States v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991). Appellant has shown us no reason, nor have we found one, to hold the denial of permission to intervene met that standard.
 
 
 5
 Moreover, appellant's contention that the district court's ruling in this case is subject to de novo review is simply wrong. In United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir.1990) (quoting Shump v. Balka, 574 F.2d 1341, 1345 (10th Cir.1978)), cert. denied, 498 U.S. 1073 (1991), we stated we would not disturb a ruling on a similar motion for permissive intervention "except upon a showing of clear abuse.' "
 
 
 6
 Because we conclude the trial court did not abuse its discretion in denying the motion to intervene, the remaining issues are moot. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Richard D. Rogers, Senior District Judge for the United States District Court for the District of Kansas, sitting by designation