**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CARLEE CAFFREE,

      Plaintiff-Cross-Claim-
      Defendant-Appellant,

  v.

HOLLI LUNDAHL,

      Defendant-Cross-
      Claimant-Appellee,

  v.

U.S. BANKRUPTCY TRUSTEE,
KEVIN R. ANDERSEN;
HONORABLE GLEN CLARKE,

      Cross-Claim-Defendants,

  and

ALEXANDRIA DOCTORMAN; ANN
KUNZE; HONORABLE LESLIE
LEWIS; RALPH C. PETTY;
MARLENE TELFORD; BERRETT &
ASSOCIATES,

      Defendants-Cross-Claim-
      Defendants-Appellees.

------------------------

No. 04-4083
(D.C. No. 2:03-CV-185-DB)
(D. Utah)

JIM KEDDINGTON, Assignee to
claims of Carlee Caffree as
former assignee to specified claims of
Heatland Trust,

Intervenor-Appellant.

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se plaintiffs Carlee Caffree and Jim Keddington, [1] appeal the district court's orders dismissing their case and denying their post-judgment motion to reconsider. The cross-appeal filed by Holli Lundahl, No. 04-4088, was dismissed by an earlier order of this court. We affirm the district court's orders.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After the district court entered judgment, it granted Mr. Keddington leave to intervene as a plaintiff for purposes of appeal. *See* R. Vol. V, doc. 62, at 2.

*Background*

The underlying dispute concerns a parcel of real property located in Provo, Utah. Plaintiffs allege that they are the owners of the property. They assert that the appellees (all defendants except the bankruptcy judge and trustee) deprived them of their rightful interest in the property through orders entered in a Utah state court. They filed this action in a Nevada federal district court seeking an order to set aside the Utah state court's ruling that they were not the owners of the real property in question. The plaintiffs also alleged in their federal lawsuit that the appellees conspired in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) to deprive them of their interest in the property.

The Nevada federal district court found that it lacked personal jurisdiction over the appellees, and transferred the case to the Utah federal district court. At about the same time as the transfer, Holli Lundahl, a defendant and cross-claimant in this case, filed for bankruptcy in Utah and attempted to have the bankruptcy court take jurisdiction over the parties' disputes regarding the Provo real property. The bankruptcy court dismissed Ms. Lundahl's case on January 9, 2004, without ruling on the Provo property issue. [2]

Meanwhile, in the underlying Utah federal court action, the appellees filed a motion to dismiss for lack of subject-matter jurisdiction. The district court

---

[2] The bankruptcy court's orders are not before us in this appeal.

directed plaintiffs to address the issue of jurisdiction, R. Vol. V, doc. 40, but they did not do so. The district court then dismissed the case, holding that the *Rooker-Feldman* doctrine divested the federal court of jurisdiction over plaintiffs' challenge to the Utah state court's orders in its quiet title action, as well as plaintiffs' other claims that were inextricably intertwined with the state-court case.[3] *Id.* doc. 45. Following the dismissal order, plaintiffs filed a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e), arguing that the district court violated the automatic bankruptcy stay by dismissing the case three days after the bankruptcy case was dismissed, and challenging the court's application of the *Rooker-Feldman* doctrine. The district court denied the motion.

On appeal, plaintiffs assert (1) the order dismissing their case was void because it was issued while the automatic bankruptcy stay was in effect; (2) the Utah federal district court should have consolidated the instant case with Ms. Lundahl's bankruptcy case; (3) the *Rooker-Feldman* doctrine does not apply; (4) the district court abused its discretion in denying their Rule 59(e) motion because, even though they did not file a jurisdictional brief as directed, their *Rooker-Feldman* argument could have been found in the pleadings they did file;

---

[3] The district court also dismissed Ms. Lundahl's cross claims, but since her cross appeal has been dismissed, we limit our discussion to plaintiffs' claims.

-4-

and (5) they obtained service of process on defendant Berrett and Associates, despite that defendant's claim to the contrary.

*Legal Framework*

We first address plaintiffs' claim that we must apply the law of the jurisdiction in which they filed their complaint, which was the Ninth Circuit. The case was transferred to the Utah federal court because the Nevada court lacked personal jurisdiction; therefore, we apply the choice-of-law principles of the transferee court, which is the Tenth Circuit. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). [4] Utah choice-of-law principles require application of Utah substantive law. *See Peck v. Horrocks Engineers, Inc.*, 106 F.3d 949, 952 (10th Cir. 1997). Plaintiffs are representing themselves on appeal, so their pleadings will be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiffs' pro se status does not excuse them, however, from following the rules of court. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

We review de novo the district court's order dismissing the case for lack of subject-matter jurisdiction. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). We review for an abuse of discretion the district court's

---

[4] Plaintiffs did not, and do not, challenge the Nevada district court's conclusion that it lacked personal jurisdiction over the defendants.

-5-

decision not to consolidate this case with the bankruptcy case. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The district court's order denying the Rule 59(e) motion is also reviewed for an abuse of discretion. *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

*Analysis*

*(i) Effect of Lundahl's Bankruptcy Case*

Plaintiffs contend that the district court was prohibited from dismissing the instant action for ten days after Ms. Lundahl's bankruptcy case was dismissed on January 9, 2004. Accordingly, they argue, the dismissal order entered January 12, 2004, three days later, was void. They rely on Fed. R. Civ. P. 62(a), which stays for ten days the *execution* or *enforcement* of a judgment, actions not at issue here. Rather, the automatic stay in bankruptcy of an act against property continues only until the subject property "is no longer property of the estate; and (2) the stay of any other act . . . continues until the earliest of – the time the case is closed; . . . dismissed; or . . . [under specified circumstances] a discharge is granted or denied." 11 U.S.C. §§ 362(c)(1) & (2)(A) (B) & (C). Therefore, the district court was not prevented by the bankruptcy stay from entering its dismissal order. We further find that the district court did not abuse its discretion in declining to consolidate this case with Lundahl's bankruptcy case for the simple reason that the motion to consolidate was not filed until after this case was dismissed. *See* R.

Vol. V, doc. 45 (order dismissing case); *id.* doc. 47 (Lundahl's motion to consolidate).

### (ii) *Rooker-Feldman Doctrine*

> The *Rooker-Feldman* doctrine prohibits a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment we must pay close attention to the relief the plaintiff seeks. While a litigant may be able to make a federal claim appear unrelated to a state court judgment through artful pleading, the requested relief can quickly reveal whether *Rooker-Feldman* applies. Where a plaintiff seeks a remedy that would "disrupt or undo" a state court judgment, the federal claim is inextricably intertwined with the state court judgment.

*Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004) (quotation and citations omitted).

Plaintiffs argue that the district court erroneously applied the *Rooker-Feldman* doctrine to them. They maintain that many of their claims are independent of the state court's orders and that the doctrine does not apply to them because they were not parties to the state-court case. Unfortunately for plaintiffs, these arguments were waived when they disregarded the district court's directive to brief the jurisdictional issues. Although the *Rooker-Feldman* doctrine implicates this court's subject matter jurisdiction, "our responsibility to ensure

-7-

even sua sponte that we have subject matter jurisdiction before considering a case differs from our discretion to eschew untimely raised legal theories which may support that jurisdiction. We have no duty under the general waiver rule to consider the latter." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (citation omitted); *accord United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1279 (10th Cir. 2001) ("Grounds or arguments in support of subject matter jurisdiction may be waived like any other contention.").

In his reply brief on appeal, Mr. Keddington offers a reason for Ms. Caffree's failure to comply with the district court's order to file a brief on the jurisdictional issues: She feared that doing so would violate the automatic stay in Ms. Lundahl's bankruptcy proceedings. This argument was not presented to the district court, however, and in addition to the waiver occasioned by the lack of district court presentation, *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003), we decline to consider an issue raised for the first time in a reply brief, *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

Plaintiffs assert that their *Rooker-Feldman* arguments could be found in the pleadings they did file and even though they ignored the district court's directive to brief the issue, the court erred in not looking for these arguments and authorities. We disagree. "No matter how often they are made to feel the part, our brothers and sisters on the district court bench should not be cast in the role

of stage director of the litigation drama--forced to prod the actors through rehearsals until the proper performance is achieved." *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). We decline to impose a requirement on the district court to sift through a party's pleadings to uncover an argument that the party should have briefed. *See id.* (holding district court not required to uncover disputed facts when considering summary judgment motion).

It is true that the issue of the *Rooker-Feldman* bar was raised to the district court, and we may review the claims fairly raised and decided, but we do not consider on appeal a theory that was not raised in the district court. *See S. Hospitality, Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137, 1142 (10th Cir. 2004) (declining review because appellant did not show that specific issue was brought to district court's attention). We have carefully reviewed the district court's dismissal order entered January 12, 2004, and we affirm the order for the same reasons stated therein.

### (iii) Post-judgment Motion

Plaintiffs next contend that the district court should have considered their *Rooker-Feldman* arguments made in their motion to alter or amend the judgment, filed under Rule 59(e). "The purpose for such a motion is to correct manifest errors of law or to present newly discovered evidence." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (quotation

omitted). It is not an opportunity to raise arguments that could have been presented prior to the entry of judgment. 11 Charles Alan Wright et al., *Federal Practice & Procedure*, § 2810.1, at 127-28 (2d ed. 1995). Because plaintiffs' Rule 59(e) motion raised arguments that should have been presented prior to judgment, the district court properly declined to consider them. Accordingly, the district court did not abuse its discretion in denying the motion.

### *(iv) Service of Process*

Given our disposition of plaintiffs' claims, any dispute over the service of process on Berrett and Associates is moot because the dismissal under *Rooker-Feldman* also bars plaintiffs' claims against this defendant.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge