FILED
United States Court of Appeals
Tenth Circuit

June 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ADRIAN M. REQUENA,

      Petitioner - Appellant,

v.

RAY ROBERTS; DEREK SCHMIDT,
Attorney General of the State of Kansas,

      Respondents - Appellees.

No. 17-3041
(D.C. No. 5:15-CV-03077-SAC-DJW)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALBILITY***
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Adrian Requena seeks a certificate of appealability ("COA") to appeal the

dismissal of his 28 U.S.C. § 2241 petition. We deny a COA and dismiss the appeal.

Requena filed a § 2241 petition in the district court seeking to challenge the results

of a prison disciplinary proceeding. The district court concluded that Requena's claim

was not cognizable under § 2241 and ordered him to advise the court whether he wished

to pursue a 42 U.S.C. § 1983 claim. It subsequently granted Requena an extension of

time to file a response. Rather than submitting a response, Requena filed a motion to

consolidate the action with a separate pending § 1983 case. He requested an extension of

_____

\* This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

time to respond to the court's order if consolidation were denied. The district court denied the motion to consolidate and the request for an extension, ordering a prompt response. After Requena failed to comply, the court dismissed the petition without prejudice. Requena filed a Fed. R. Civ. P. 59 motion, which was also denied. He timely appealed.

To appeal the dismissal of a § 2241 petition, a state prisoner must obtain a COA. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA only if Requena demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Requena presents a single argument: he contends the district court erred in denying his motion to consolidate.[1] We review a court's decision refusing to consolidate cases for abuse of discretion. Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). A district court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). As the district court explained, the complaint in this case challenged a single disciplinary proceeding from 2012, whereas the complaint in Requena's other case involved a number of distinct disciplinary complaints, denial of

---

[1] In his application for a COA, Requena explains why he filed this claim as a § 2241 petition, but he does not specifically challenge the district court's conclusion that his claim is not cognizable under § 2241. To the extent he seeks to challenge that ruling, we decline to consider it because it was not argued before the district court. See Schrock v. Wyeth, Inc., 727 F.3d 1273, 1284 (10th Cir. 2013) ("Arguments that were not raised below are waived for purposes of appeal." (quotation omitted)).

2

hygiene products, denial of access to the courts, and retaliation. The district court acted within its discretion in concluding that these cases lack a common core of facts or law sufficient to justify consolidation.

Because the district court's ruling is not fairly debatable, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge